IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GREG C. NELSON,
      Petitioner,

vs.                             Case No. 5:09cv378/RS/EMT

WALTER McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 19) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed, pursuant to 28 U.S.C. § 2244(d). Respondent filed a copy of the state court record in support of the motion to dismiss (Doc. 21). Petitioner filed a response in opposition to the motion to dismiss (Doc. 26).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 21).[1] On March 26, 1990, in the Circuit Court in and for Jackson County, Florida, Petitioner Greg Carson Nelson a/k/a Gary Carmel Melton, pleaded guilty, pursuant to a written plea agreement, to all counts with which he was charged in Case Nos. 89-697, 89-698, 89-

---

[1] Hereinafter, all exhibits refer to the state court record filed with Respondent's motion to dismiss (Doc. 21).

699, 89-700, and 89-701(*see* Exs. B, C).  In a judgment rendered March 28, 1990, the trial court adjudicated Petitioner guilty of two counts of kidnapping, two counts of robbery, one count of escape, and one count of burglary with assault, and imposed five (5) consecutive terms of eight (8) years of imprisonment on all counts except the burglary with assault count (Ex. C).  As to that count, the court imposed a five-year term of imprisonment to run concurrently with the eight-year sentence imposed on the escape count (*id.*).  The court ordered all sentences to run consecutively to any active sentence being served, but concurrently with the sentence imposed by the Circuit Court in and for Escambia County, Florida, in January of 1990 (*id.*).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA") (Ex. I).  On March 4, 1992, the First DCA affirmed the judgment of conviction and sentence per curiam without written opinion, with the mandate issuing March 20, 1992 (Exs. D, I).  Melton v. State, 595 So. 2d 53 (Fla. 1st DCA 1992) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On July 25, 1995, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. E).  The trial court summarily denied the motion on November 17, 1995 (Ex. F).  Petitioner did not appeal the decision.

On May 10, 1996, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. G).  The trial court summarily denied the motion on July 15, 1996 (Ex. H).  Petitioner did not appeal the decision.

On June 17, 2008, Petitioner filed a motion to clarify sentence under Rule 3.800(a) (Ex. J at 1–3).  The trial court summarily denied the motion (*id.* at 4–5).  Petitioner appealed the decision to the First DCA; and the appellate court reversed the trial court's order and remanded for further consideration of Petitioner's motion (Ex. K).  Nelson  v. State, 1 So. 3d 345 (Fla. 1st DCA 2009). On remand, the trial court again issued an order denying Petitioner's motion (Ex. L at 29–30). Petitioner appealed the decision to the First DCA; and the appellate court affirmed per curiam without written opinion on December 16, 2009, with the mandate issuing January 12, 2010 (Exs. M, N).  Nelson  v. State, 23 So. 3d 1186 (Fla. 1st DCA 2009).

Petitioner filed the instant federal habeas action on November 23, 2009 (Doc. 1).  He asserts the following challenges to his conviction and sentence:

Ground one:    Petitioner's sentence was pronounced concurrently instead of consecutive as the State prison has runned [sic].

Ground two:    Petitioner's guilty plea wasn't knowing and intelligently enter [sic] upon his criminal cases [based upon defense counsel's failure to investigate a voluntary intoxication defense, advising Petitioner that such a defense was not available, and advising Petitioner that if he did not take the State's plea offer, counsel would not assert a defense].

(Doc. 1 at 4–7).[2]

## II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing his § 2254 petition existed, that he bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final.  Thus, the statute of limitations

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

must be measured from the remaining statutory trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  Petitioner's conviction became final for purposes of the AEDPA on June 3, 1992, ninety (90) days after the appellate court issued its decision affirming his conviction.[3]  *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)).

Because Petitioner's conviction became final prior to the effective date of the AEDPA, he had a one-year grace period for filing his § 2254 petition, commencing on the statute's effective date.  *See* Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571, 1576, 161 L. Ed. 2d 542 (2005) (citing Duncan v. Walker, 533 U.S. 167, 183 n. 1, 121 S. Ct. 2120, 2130 n.1, 150 L. Ed. 2d 251 (2001) (Stevens, J., concurring in part and concurring in the judgment) (collecting cases)); Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).  The AEDPA's effective date was April 24, 1996; therefore, Petitioner had until April 24, 1997, to file his federal habeas petition.  Wilcox, *supra*; Moore v. Campbell, 344 F.3d 1313, 1319–20 (11th Cir. 2003) (holding that Fed. R. Civ. P. 6(a) applies to the effective date of the AEDPA; thus, a petition filed on April 24, 1997 would be timely).  Petitioner did not file his habeas petition by April 24, 1997.  However, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles.  Section 2244(d)(2) provides:

---

[3] In Petitioner's response to the motion to dismiss, he appears to argue that his sentence was essentially vacated when the First DCA remanded the second Rule 3.800(a) motion to the trial court for further proceedings on January 26, 2009 (Doc. 26 at 2).  This position has no legal or factual basis.  The First DCA did not vacate or reverse Petitioner's conviction or sentence in the Rule 3.800(a) proceeding; rather, it reversed the trial court's order denying Petitioner's motion and remanded for further consideration.  Furthermore, Petitioner has failed to provide any legal support for the proposition that such an order of an appellate court has the legal effect of vacating the sentence.  Therefore, he has failed to show that the First DCA's decision in the Rule 3.800(a) proceeding affected the finality date of his criminal judgment.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner filed a tolling post-conviction motion on May 10, 1996, after 16 days of the one-year limitations period had expired. That motion remained pending until August 15, 1996, upon expiration of the thirty-day period for seeking review of trial court's decision denying the motion. *See* Fla. R. App. P. 9.140(b)(3). The one-year federal limitations period expired 349 days later, on July 31, 1997 (16 days + 349 days = 365 days). Petitioner's post-conviction applications filed after that date did not toll the federal limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal petition, filed on November 20, 2009, was untimely.

In Petitioner's response to the motion to dismiss, he appears to suggest he is entitled to equitable tolling of the limitations period (*see* Doc. 26). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. *See* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

In the instant case, Petitioner states he never received copies of the trial court's orders issued in the second Rule 3.800(a) proceeding (Doc. 26 at 1). However, this circumstance could not have prevented Petitioner's timely filing of his federal petition, since the federal limitations period expired over ten years prior to Petitioner's initiating the Rule 3.800(a) proceeding.

Petitioner additionally argues he failed to file a timely § 2254 petition because he received misleading advise from inmate law clerks (Doc. 26 at 2). However, the receipt of erroneous or misleading advice from a prisoner law clerk is not an extraordinary circumstance. *See* <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period). Furthermore, Petitioner does not allege he made any effort to file his federal petition in a timely manner or to even attempt to discover the deadline for doing so. Therefore, he has failed to show he is entitled to equitable tolling.

Finally, Petitioner appears to argue that § 2244(d) constitutes a unconstitutional suspension of the writ unless this court evaluates whether he is actually innocent of the crimes of which he was convicted (Doc. 26 at 2–4). In <u>Wyzykowski v. Department of Corr.</u>, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit held that where the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, the court must first consider whether the petitioner can show actual innocence before addressing whether an exception to the limitation period is required by the Suspension Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 2. The Eleventh Circuit left open the question of whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ because the court found the record inadequate for review of the actual innocence claim. *Id.* at 1218–19.

A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction "probably resulted" from "a constitutional violation." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L. Ed. 2d 397 (1986)). The petitioner meets the "probably resulted" standard by demonstrating, based on the new evidence, "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Schlup</u>, 513 U.S. at 327, 329. The "reasonable doubt" standard is not to be determined on the basis of the district court's independent judgment, but should be based on the district court's "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329. The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324.  A petitioner meets the "threshold showing of innocence" justifying "a review of the merits of the constitutional claims" if the new evidence raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."  *Id.* at 317.

In the instant case, Petitioner has made no showing that he is actually innocent of the robberies, kidnappings, escape, and burglary.  Therefore, the court need not determine whether an exception to the limitation period is required by the Suspension Clause.  *See* <u>Wyzykowski</u>, 226 F.3d at 1218.

III.     CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period.  Furthermore, he has failed to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review under any exception to the time bar.  Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

IV.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (Doc. 19) be **GRANTED**.

2.    That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

3.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of October 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**